IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BERNARD d'ABRERA and<br>HILL HOUSE PUBLISHERS PTY LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>No. 06-427 C<br><br>Judge Charles F. Lettow |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF JURISDICTION PURSUANT TO 28 U.S.C. § 1500**

Pursuant to Section 1500 of Title 28 and Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States ("the government"), moves to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

## MEMORANDUM IN SUPPORT OF MOTION

## BACKGROUND

On May 26, 2006, Plaintiffs filed a Complaint against the government in this Court, pursuant to Section 1498(b) of Title 28. See Complaint ¶ 3. Plaintiffs allege that the Smithsonian Institution[1] ("Smithsonian") infringed their copyrights in butterfly photographs and in books containing butterfly photographs. See Complaint ¶ 37. Specifically, the Complaint alleges that an individual named Stephen Kinyon conducted the infringing activities "at the direction of the Smithsonian." Complaint ¶¶ 22-25. Plaintiffs claim that their butterfly photographs were incorporated into an illustrated

[1] The Smithsonian is considered to be part of the government for purposes of Section 1498. See O'Rourke v. Smithsonian Institution Press, 399 F.3d 113, 116, 122-123 (2d Cir. 2005).

checklist that contained the language "Sponsored by: Smithsonian Institution" and "Compiled by: Stephen Kinyon." Complaint ¶¶ 23-26. In addition to the claim that the Smithsonian directly infringed Plaintiffs' copyright, the Complaint includes a claim for vicarious copyright infringement. See Complaint ¶¶ 41-47.

Prior to filing the present Complaint, Plaintiffs filed a nearly identical complaint against the Smithsonian and Stephen Kinyon in the District Court for the Southern District of New York. On May 10, 2006, Plaintiffs filed suit against the Smithsonian and Stephen Kinyon, claiming that Stephen Kinyon had directly infringed Plaintiffs' copyrights. See Exhibit A (SDNY Complaint). The earlier complaint bases its claims on the same allegations of fact that are found in the present Complaint. Both documents indicate that the alleged infringing illustrated checklist was sponsored by and published at the direction of the Smithsonian. See A5-6 (SDNY Complaint ¶¶ 21, 25, 26); Complaint ¶¶ 22, 25, 26. The earlier complaint also includes a claim for false designation of origin. See A8 (SDNY Complaint ¶¶ 41-45).

## ARGUMENT

Under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter. "A party seeking the exercise of jurisdiction in its favor bears the burden of establishing that such jurisdiction exists." Mars Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1372 (Fed. Cir. 1994); see also Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991); Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Section 1500 of Title 28 states that this Court does not have jurisdiction over claims that are pending in "any other court":

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The purpose of this statute is "to prevent the United States from having to litigate and defend against the same claim in both courts." Harbuck v. United States, 378 F.3d 1324, 1328 (Fed. Cir. 2004) (citing UNR Indus. v. United States, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992) (*en banc*)).

## I. The Claims, Facts, and Relief Sought are Identical

In order for Section 1500 to apply, the Court of Federal Claims must compare the claims in both complaints. See Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1548-49 (Fed. Cir. 1994) (*en banc*) ("Deciding if the claims are the same or distinctly different requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit."). "For the Court of Federal Claims to be precluded from hearing a claim under [Section] 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." Id. at 1551.

Here, there is no question that the claims, facts, and relief sought are identical. With the exception of the numbering of the paragraphs, the contents of the paragraphs in the "Factual Background" sections of the complaints are almost identical. See A2-6 (SDNY Complaint ¶¶ 7-33); Complaint ¶¶ 8-33). The alleged events giving rise to the actions in both complaints are the same. When the operative facts are identical, the claims are deemed to be the same for the purposes of

Section 1500, notwithstanding potentially different legal theories. See Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988) ("Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court."). Therefore, Plaintiffs' separate claim for false designation of origin in the Southern District of New York complaint and their separate claim for vicarious copyright infringement in this Court have no bearing on the application of the statute. See Hill v. United States, 8 Cl. Ct. 382, 386 (1985) ("[I]t is settled law that different legal theories advocated in separate complaints pending before different courts are not relevant to the determination of whether the same "claim" is before this court."). Finally, Plaintiffs' requests for relief are nearly identical. See A9 (SDNY Complaint "Prayer for Relief"); Complaint at 9-10 ("Demand for Judgment"). In both complaints, plaintiffs request an injunction, damages, and prejudgment interest. Even though the language used in the requests for relief in the complaints is somewhat different, Section 1500 continues to apply. "The inclusion of other and different requested relief in the two complaints does not avoid the application of [Section 1500]." Harbuck, 378 F.3d at 1329 (citing Keene Corp. v. United States, 508 U.S. 200, 212 (1993)).

Although the complaint in the Southern District of New York includes Stephen Kinyon as a defendant, Mr. Kinyon is an individual who was acting directly "under the authority of the United States." 28 U.S.C. § 1500. Both complaints claim that Mr. Kinyon's illustrated checklist was sponsored by and published at the direction of the Smithsonian. See A5-6 (SDNY Complaint ¶¶ 21, 25, 26); Complaint ¶¶ 22, 25, 26. Thus, Plaintiffs' suit must be barred because Mr. Kinyon was acting under the authority of the Smithsonian. See Hill, 8 Cl. Ct. at 388 ("[P]ermitting a plaintiff to sue an individual who was acting under the authority of the United States would, in effect, be

tantamount to permitting a plaintiff to maintain duplicative suits against the United States.") (citing Corona Coal Co. v. United States, 263 U.S. 537, 540 (1924)). Accordingly, this Court does not have subject matter jurisdiction over Plaintiffs' Complaint.

**CONCLUSION**

For the above reasons, the government respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:
LAURYN GUTTENPLAN
Smithsonian Institution

July 18, 2006