**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BERNARD d'ABRERA and<br>HILL HOUSE PUBLISHERS PTY LTD.<br><br>Plaintiffs<br><br>v.<br><br>THE UNITED STATES<br>(SMITHSONIAN INSTITUTION)<br><br>Defendant | ) | No. 06-427 C<br>Judge Charles F. Lettow |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**<u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiffs Bernard d'Abrera and Hill House Publishers Pty Ltd. ("Plaintiffs") hereby respond to the United States' ("the government" or "Defendants") motion to dismiss for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500 and Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

**<u>BACKGROUND</u>**

On May 10, 2006, Plaintiffs filed a Complaint in the Southern District of New York against two defendants – Stephen Kinyon, and the Smithsonian Institution. The claims are divided as follows: against Stephen Kinyon as an individual, direct copyright infringement under the Copyright Act and false designation of origin under the Lanham Act. Against the Smithsonian Institution, the only claim is for false designation of origin under the Lanham Act.

On May 26, 2006, Plaintiffs filed a Complaint in the Court of Federal Claims against the Smithsonian Institution, alleging direct copyright infringement and vicarious copyright infringement pursuant to the Copyright Act.

Defendant's counsel in the Southern District of New York action has requested a pre-motion conference in anticipation of its motion to dismiss for lack of subject matter jurisdiction

in that Court. That request was directed to the Honorable Judge William C. Conner of the Southern District of New York in a letter dated August 3, 2006. (Exhibit A).

## ARGUMENT

### I. The Court of Federal Claims Has Exclusive Jurisdiction Over Copyright Claims Against the Government

Pursuant to 28 U.S.C. § 1498, the Court of Federal Claims has exclusive jurisdiction over copyright claims against the U.S. government. E.g. O'Rourke v. Smithsonian Inst. Press, 399 F.3d 113, 122-123 (2d Cir. 2005). There is no other court in the entire country Plaintiffs could have brought their copyright infringement claims against the Smithsonian. Indeed, Plaintiffs have been unable to find a single case where section 1500 was used to dismiss a copyright infringement claim against the government.

If Plaintiffs' claims are dismissed in this Court, they have no other redress for the copyright infringement by the government. Plaintiffs' claims for copyright infringement in the Southern District of New York are against Stephen Kinyon personally. Whether or not those claims state a claim pursuant to Rule 12 against Kinyon is for the Southern District of New York court to decide. Mr. Kinyon, essential to all these claims, resides in New York, and thus this Court has no personal jurisdiction over him. The only issue here is whether Plaintiffs' false designation of origin claim against the Smithsonian in the Southern District of New York prevents jurisdiction in this court of the copyright infringement claims against the Smithsonian.

### II. The Claims, Facts, and Relief Sought Are Not Identical

"For the Court of Federal Claims to be precluded from hearing a claim under 1500, the claim pending in another court must arise from the same operative facts, and must seek the same

relief." Loveladies Harbor, Inc. v. U.S., 27 F.3d 1545, 1551 (Fed. Cir. 1994) (emphasis in original).

**A. The Copyright and False Designation of Origin Claims Do Not Have the Same Operative Facts**

Plaintiffs have been unable to find a case holding that copyright infringement claims and false designation of origin claims have the same operative facts under 28 U.S.C. § 1500. However, an analogous situation arises in preemption allegations related to the Copyright Act and Lanham Act. There, Courts have addressed whether claims brought under the Copyright Act and the Lanham Act "overlap," or are in fact the same claim. See Butler v. Target Corp., 323 F. Supp. 2d 1052, 1059 (C.D. Cal. 2004) ("[The § 43(a)] claim differs from a copyright claim as it refers to possible consumer confusion as to the plaintiffs' sponsorship or approval of the product."); Do It Best Corp. v. Passport Software, Inc., 2004 U.S. Dist. LEXIS 14174 at *61 (N.D. Ill. July 26, 2004) ("the fact that Copyright and Lanham Act claims are predicated on the same wrongful act is not fatal…") (Exhibit B). The Copyright Act does not preempt the Lanham Act, or vice versa, and therefore a party may recover under both statutes. Alameda Films SA de CV v. Authors Rights Restoration Corp., 331 F.3d 472, 482-483 (5th Cir. 2003).

In Dastar Corp. v. Twentieth Century Fox Film Corp., the Supreme Court made clear how copyright claims and false designation of origin claims differ: a false designation of origin claim is viable on its own if the plaintiff alleges that the defendant has repackaged the plaintiff's goods as its own. 539 U.S. 23, 28 (2003). In short, some affirmative step undertaken that defines the difference:

> Here, Defendant does not attribute the design of the anchor grocery store to Plaintiff, but represents it as solely the work of Defendant. Therefore, if the design is truly Plaintiff's, then Defendant has made a false designation of origin. This suffices for the "additional affirmative act whereby the defendants falsely claimed originality"

> which is necessary to prevent the Lanham Act claim from being a mere duplication of a copyright infringement claim.

Tiseo Architects, Inc. v. SSOE, Inc., 431 F. Supp. 2d 735, 742 (E.D. Mich. 2006). This delineation between Copyright and Lanham Act claims makes clear that separate wrongful acts or repercussions occur as the basis for copyright claims versus claims under the Lanham Act.

The operative facts guiding these wrongs also differ. For example, Plaintiffs' Lanham Act claim is essentially a claim of "reverse passing off," which occurs when someone markets a product as her own, even though someone else created the product. See Dastar, 539 U.S. at n.1 (2003); Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1116 (W.D. Wash. 2004). That is precisely what Defendant has done – taken Plaintiffs' butterfly photographs and repackaged them as its own in its book. The elements of a reverse passing off claim are: "(1) that the work at issue originated with the plaintiff; (2) that origin of the work was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin." Lipton v. The Nature Co., 71 F.3d 464, 472 (2d Cir. 1995).

In contrast, Plaintiffs' copyright infringement claim merely requires showing (1) ownership of a valid copyright and (2) unauthorized copying. Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003); Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Plaintiffs do not have to show or prove consumer confusion, false designation by defendants, or harm to it based on the false designation, as is required for a reverse passing off claim. Plaintiffs merely have to show that they own a valid copyright that the Defendant copied without permission. In fact, elements (2), (3), and (4) of the reverse passing off claim (i.e. operative facts necessary to prove a false designation claim) occur after any copying has

occurred, and rest on the repackaging of plaintiffs' goods. The repackaging of plaintiffs' goods is irrelevant to the copyright claims.

To the extent that Defendant argues that the two Complaints are nearly identical, Plaintiffs submit that while they may have used similar facts in the Factual Background section of the Complaints to provide context, the causes of action themselves are vastly different and are based on different operative facts within that Factual Background section. Specific facts within that section may be more or less relevant to the varying causes of action.

**B. The Copyright and Lanham Act Claims do not Request the Same Relief**

The relief requested against the government is not the same in the two Courts. For the designation of origin claim in the Southern District of New York, Plaintiffs request relief under the Lanham Act, 15 U.S.C. 1117(a). For the copyright infringement claims in the Court of Federal Claims, Plaintiffs request relief under the Copyright Act, 17 U.S.C. 504(b). Damages arising from copyright violation do not necessarily overlap with damages from a violation under the Lanham Act. See Nintendo of America, Inc. v. Dragon Pacific International, 40 F.3d 1007, 1011 (9th Cir. 1994) (upheld an award of statutory damages under the Copyright Act and actual damages under the Lanham Act, stating that the violation "may have been one act, but it was two wrongs," and that "it is clear enough that, when a defendant violates both the Copyright Act and the Lanham Act, an award of both types of damages is appropriate.") Indeed, Plaintiffs' damages under the Lanham Act will rest on confusion between the two works, while Plaintiffs' damages under the Copyright Act will rest entirely on Defendant's copying.

**III. The Government's Own Arguments Support Subject Matter Jurisdiction in This Court**

Defendant's attorneys have engaged in a round of circular arguments. Defendant states that Plaintiffs cannot bring their copyright infringement claim against the government in the

Court of Federal Claims because there is pending jurisdiction based on the same operative facts and relief in another jurisdiction. However, Defendant's counsel in that pending jurisdiction (the Southern District of New York) argues that Plaintiffs' false designation of origin claim is preempted by the copyright claim pending in this Court. (Exhibit A). Therefore, according to Defendant, there is no court where Plaintiffs' claims can be heard because both the copyright claim and the false designation of origin claim are preempted by each other.

Further, Defendant claims Plaintiffs' suit against Kinyon must be barred because he was acting under the authority of the government, and the proper jurisdiction for the copyright infringement claims is in the Court of Federal Claims. (Exhibit A). If indeed Plaintiffs may not bring a copyright action against Kinyon as an individual, the proper court to decide that is in the Southern District of New York.

## CONCLUSION

Therefore, Plaintiffs respectfully request this Court to deny Defendant's motion to dismiss based on the exclusive jurisdiction over copyright infringement actions against the government in the Court of Federal Claims, and that the copyright infringement claims and false designation of origin claims against the Smithsonian are not based on the same operative facts and relief.

Respectfully submitted,

Dated: August 18, 2006

s/Sally Wiggins____________________
Sally Wiggins
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
***Attorneys for Plaintiff***

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on August 18, 2006, I electronically filed the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** with the Clerk of Court using the ECF system which satisfies the service requirements of RCFC 5 and RCFC 5.1. and will be sent electronically through this system to the below listed parties. See General Order 42A.

Peter D. Keisler, Assistant Attorney General
John J. Fargo, Director
Scott Bolden, Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

s/Sally Wiggins____________________
Sally Wiggins
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
***Attorneys for Plaintiff***