# EXHIBIT A

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 3, 2006

**BY FEDERAL EXPRESS**
Hon. William C. Conner
United States District Judge
Southern District of New York
300 Quarropas Street, Room 630
White Plains, N.Y. 10601-4150

Re: d'Abrera v. Smithsonian,
05 Civ. 3550 (WCC)

Dear Judge Conner:

In accordance with the Court's individual practices, defendants the Smithsonian Institution ("Smithsonian") and Stephen Kinyon ("Kinyon") (collectively "defendants"), write respectfully to request a pre-motion conference in connection with their anticipated motion to dismiss the complaint pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). Because defendants received the complaint, but were not served in accordance with Fed. R. Civ. Pro. 4, the parties have agreed that defendants will answer or move in response to the complaint by August 15, 2006. Therefore, defendants respectfully request a pre-motion conference prior to that date, or alternatively, seek an extension of time to move or answer until a date following the pre-motion conference.

Plaintiffs bring this action against defendants for alleged violations of the Copyright Act, 17 U.S.C. §§ 101 et seq., and the Lanham Act, 15 U.S.C. § 1125(a). Plaintiffs claim that Kinyon, at the direction of the Smithsonian, infringed plaintiffs' copyrights in butterfly photographs and in books containing butterfly photographs through the publication of a checklist entitled *An Illustrated Checklist for the Butterflies of Myanmar* which contained d'Abrera's photographs. Plaintiffs also allege that the publication of the checklist, which they claim included d'Abrera's photographs without attribution, violated § 43(a) of the Lanham Act.

Plaintiffs' complaint should be dismissed because the Court lacks subject matter jurisdiction over this action and because the action fails to state a claim on which relief can be granted. Pursuant to 28 U.S.C. § 1498(b), the Court of Federal Claims has exclusive jurisdiction over copyright claims brought against the United States and individuals acting with the United States' authorization and consent. The Smithsonian is an instrumentality of the United States and therefore, any copyright action against the Smithsonian must be brought in the Federal Court of Claims. O'Rourke v. Smithsonian Institution Press, 399 F.3d 113, 123 (2d Cir. 2005), cert. denied, 126 S.Ct. 338 (2005). Likewise, the Court lacks jurisdiction over plaintiffs' claim against Stephen Kinyon, an individual who was acting with the authorization and consent of the Smithsonian in connection with the matters alleged in the complaint. The Department of Justice has agreed to represent Kinyon in connection with this matter, because Kinyon was acting in the nature of an employee in the scope of his employment in connection with this

matter. Therefore, defendants will argue that plaintiffs' copyright claim against defendant Kinyon should be dismissed. See, e.g., Frieman v. Lazur, 925 F. Supp. 14, 19 (D.C. Cir. 1996) ("[W]hen government employees act within the scope of their official duties and allegedly infringe a copyright, the copyright owner's remedy lies exclusively against the United States and in the U.S. Court of Federal Claims. 28 U.S.C. §1498(b)").

Likewise, plaintiffs' Lanham Act claim should be dismissed because the claim is duplicative of plaintiffs' copyright claim and is foreclosed by Dastar v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003). Plaintiffs claim that the publication of *The Illustrated Checklist for the Butterflies of Myanmar* "constitutes a false designation of origin in violation of § 43(a) of the Lanham Act which is likely to deceive and has deceived individuals into believing that Mr. d'Abrera contributed to, or was affiliated with, gave his approval to, and worked with Defendants in connection with [the checklist]." See Complaint at ¶ 42. In Dastar, the Supreme Court barred the use of the Lanham Act's false designation of origin provision to protect ideas, concepts, or communications embodied in goods. The Court found that the "origin" of the goods is the producer of the *tangible* goods offered for sale, not the author of any communications embodied in the goods. Dastar, 539 U.S. at 37. Here, Plaintiffs do not dispute that the Smithsonian was the producer and publisher of the illustrated checklist; therefore, the origin identified for the checklist cannot be deemed false or misleading. Moreover, Plaintiffs cannot use the Lanham Act to duplicate their copyright claim where the Copyright Act already provides them with an adequate remedy at law – i.e. a lawsuit against the United States in the Federal Court of Claims for copyright infringement. Therefore, defendants intend to argue that plaintiffs' false designation of origin claim under the Lanham Act should be dismissed for failure to state a claim.

Thank you for your consideration of this matter.

Respectfully,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: ______________________
ALLISON D. PENN (AP-3787)
Assistant United States Attorney
Tel.: (212) 637-2725
Fax: (212) 637-2702

cc: BY FEDERAL EXPRESS
Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois, 60602
Attorneys for Plaintiffs

Aldo Vitagliano (AV-5018)
Law Office of Aldo Vitagliano
150 Purchase Street, Number 9
Rye, New York 10580
Attorneys for Plaintiffs