IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BERNARD d'ABRERA and<br>HILL HOUSE PUBLISHERS PTY LTD., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-427 C |
| THE UNITED STATES, | ) | Judge Charles F. Lettow |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION PURSUANT TO 28 U.S.C. § 1500**

Defendant, the United States ("the government"), hereby replies to Plaintiffs' Response to Defendant's Motion for Lack of Subject Matter Jurisdiction ("Response"). Benard d'Abrera and Hill House Publishers Pty Ltd. ("Plaintiffs") fail to establish the existence of jurisdiction in light of Section 1500 of Title 28. Therefore, Defendant's Motion for to Dismiss for Lack of Jurisdiction Pursuant to 28 U.S.C. § 1500 ("Motion") should be granted, and Plaintiffs' Complaint should be dismissed.

**ARGUMENT**

Despite the fact that Plaintiffs bear the burden of establishing jurisdiction, the arguments advanced by the Plaintiffs in their Response have been categorically rejected by the case law. See Mars Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1372 (Fed. Cir. 1994) (stating that the "party seeking the exercise of jurisdiction in its favor bears the burden" of establishing jurisdiction). Pursuant to Section 1500 of Title 28, this Court has no jurisdiction over claims pending in any other court against the United States or its agents. See 28 U.S.C. § 1500. "For the

Court of Federal Claims to be precluded from hearing a claim under [Section] 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1551 (Fed. Cir. 1994) (*en banc*); see also Williams v. United States, 71 Fed. Cl. 194, 199 (2006). This jurisdictional bar is "absolute." Hill v. United States, 8 Cl. Ct. 382, 385-86 (1985) ("[T]he words 'shall not' are an absolute bar depriving this court of any discretion, whatsoever, when duplicative claims are filed."). As a result, if Section 1500 applies, the Court must dismiss the case, rather than stay the proceedings. See, e.g., Scott Aviation v. United States, 23 Cl. Ct. 573, 577 (1991) (rejecting plaintiff's request for a stay and ordering dismissal despite the operation of the statute of limitations to bar refiling). "A court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." Johns-Manville Corp. v. United States, 855 F.2d 1556, 1565 (Fed. Cir. 1988) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818-19 (1988)).

The critical date for the purpose of determining jurisdiction is the date that Plaintiffs filed their Complaint in Court of Federal Claims. See Firebaugh Canal Water Dist. v. United States, 70 Fed. Cl. 593, 597 (2006) (citing Keene Corp. v. United States, 508 U.S. 200, 208-09 (1993)). This issue was addressed by the Federal Circuit in the UNR Industries decision:

> There is nothing in section 1500 to suggest a free floating jurisdictional bar that attaches only when the government files a motion to dismiss or, worse, when the court gets around to acting on it . . . . [I]t is readily apparent [from the statutory language] that any suit filed in the Court of Claims when the same claim was pending in another court fell within the statutory bar and had to be dismissed, no matter when the jurisdictional objection was raised and regardless of intervening actions in the conflicting case . . . . It is fundamental that jurisdiction is established, if at all, at the time suit is filed.

UNR Industries, Inc. v. United States, 962 F.2d 1013, 1022 (Fed. Cir. 1992) (*en banc*). Plaintiffs filed their Complaint in this Court on May 26, 2006. Thus, if the Court determines that Plaintiffs'

claims were pending in the Southern District of New York as of May 26, 2006, "this constitutes *a permanent defect that is not cured* if these claims cease to be pending prior to the time a motion under Section 1500 is entertained by this Court." Young v. United States, 60 Fed. Cl. 418, 422 (2004) (emphasis added). Even if the Southern District of New York later dismisses Plaintiffs' pre-existing complaint, that dismissal is irrelevant with respect to Plaintiffs' burden to establish subject matter jurisdiction as of May 26, 2006, and the government's Motion must be granted.

Plaintiffs largely agree to all of the relevant facts. Plaintiffs admit that they filed an earlier complaint against the Smithsonian and Stephen Kinyon in the Southern District of New York. See Motion at 2; Response at 1. Plaintiffs acknowledge that they subsequently filed the present Complaint against the United States in this Court while their claims were pending in the Southern District of New York. See Motion at 2; Response at 1. Plaintiffs concede that both complaints contain similar, if not identical, facts; and that both complaints aver a cause of action for copyright infringement. See Motion at 2; Response at 1. Despite Plaintiffs' arguments to the contrary, both complaints request the same relief. See *infra* at Section II. Finally, as noted in the government's Motion, both complaints state that Mr. Kinyon acted under the authority of the Smithsonian. See Motion at 4-5; A5-6[1] (SDNY Complaint ¶¶ 21, 25, 26); Complaint ¶¶ 22, 25, 26. Thus, Plaintiffs cannot avoid the operation of Section 1500.

## I. Plaintiffs Claim the Same Operative Facts

The operative facts in the two complaints are virtually identical. As noted above, for purposes of determining whether the same claim is pending before another court, the Court of

---

[1] "A_" refers to the corresponding page in the Appendix to the government's Motion.

Federal Claims must examine whether the operative facts and the relief are the same. See Loveladies, 27 F.3d at 1551; Williams, 71 Fed. Cl. at 199.

Plaintiffs cannot accurately represent that the operative facts in the two complaints are different. A careful comparison of the alleged facts in the two complaints reveals that the allegations are nearly word-for-word identical. The few differences that are visible appear to be minor typographical or editorial changes. For example, the Complaint in this case omits the word "legitimate" in one paragraph and includes the word "approximately" in two other paragraphs. See Complaint ¶¶ 8, 9, 12; compare A2-3 (SDNY Complaint ¶¶ 7, 8, 11).[2] These minor differences cannot constitute different operative facts for the purposes of Section 1500.

Thus, the operative facts are identical. In fact, Plaintiffs ultimately admit that "they may have used similar facts in the . . . Complaints," but claim that the facts were included "to provide context" and "may be more or less relevant to the varying causes of action." Response at 5. Plaintiffs urge the Court to disregard the virtually identical facts in order to concentrate on the "vastly different" "causes of action." Response at 5. This argument is fatally flawed.

Plaintiffs' "cause of action" argument has been widely rejected by previous decisions of the Court of Federal Claims and the Court of Appeals for the Federal Circuit. "Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." Harbuck v. United States, 378 F.3d 1324, 1329 (Fed. Cir. 2004) (quoting Johns-Manville, 855 F.2d at 1567). Despite this binding precedent, the

[2] The most notable difference was that the previous complaint included a one sentence paragraph alleging "willful" conduct. See A5 (SDNY Complaint ¶ 23). That paragraph does not appear in the Complaint in this Court, even though several other paragraphs in the present Complaint allege "willful" conduct. See Complaint ¶¶ 38, 44. This difference does not substantively affect the operative facts of the complaints.

majority of Plaintiffs' Response is devoted to arguing the differences between the legal theory of copyright infringement and the legal theory of false designation of origin pursuant to the Lanham Act. See Response at 3-5. Plaintiffs' argument is completely irrelevant to Section 1500 and the Loveladies analysis.

The Claims Court encountered a similar situation in the Hill case. See Hill v. United States, 8 Cl. Ct. 382 (1985). In Hill, the plaintiff simultaneously filed complaints in the Eastern District of New York and in the United States Claims Court. See id. at 383-84. Both complaints included the same operative facts. See id. at 384 ("[A]t least 24 paragraphs of its operative facts are virtually identical to the EDNY complaint."). Both complaints requested the same relief – money damages. See id. The plaintiff conceded that both lawsuits arose from the same events, but argued that the lawsuits involved "somewhat different facts." Id. at 385; compare Response at 5 ("Specific facts . . . may be more or less relevant to the varying causes of action."). The plaintiff argued that the jurisdictional bar of Section 1500 did not apply because the New York complaint averred different causes of action, pursuant to different statutes, against different defendants, with different requested relief. Hill, 8 Cl. Ct. at 385. The Claims Court rejected plaintiff's "panoply of different legal theories" and held that "obligatory precedent requires us to hold that plaintiff's position is thoroughly misplaced." Id. at 386.

Similarly, this Court should hold that Plaintiffs' arguments in this case are thoroughly misplaced. Different legal theories in separate complaints before different courts are absolutely irrelevant to the determination of whether the same "claim" exists for the purposes of Section 1500. See id.; see also British American Tobacco Co. v. United States, 89 Ct. Cl. 438, 440 (1939) (*per curiam*), cert. denied, 310 U.S. 627 (1940); Johns-Manville Corp., 855 F.2d at 1567; Loveladies,

27 F.3d at 1551. Plaintiffs' erroneous distinctions between copyright law and trademark law are ultimately futile in light of the identical operative facts.

## II. Plaintiffs Seek the Same Relief

In every substantive way, Plaintiffs seek the same relief in both courts. Both complaints seek "damages . . . pursuant to 17 U.S.C. § 504(b)." A9 (SDNY Complaint Prayer for Relief ¶ A); compare Complaint Demand for Judgment ¶ 12 (using identical language). Both complaints seek "a preliminary and a permanent injunction." A9 (SDNY Complaint Prayer for Relief ¶ B); compare Complaint Demand for Judgment ¶ 11. Even though Plaintiffs argue that their earlier complaint is the only complaint that contained a cause of action and a request for relief under the Lanham Act (Title 15 of the United States Code), both complaints actually request damages under the Lanham Act. See Response at 5; A9 (SDNY Complaint Prayer for Relief ¶ C) (seeking "damages . . . pursuant to 15 U.S.C. § 1117(a)"); compare Complaint Demand for Judgment ¶ 13 (using identical language). Finally, both complaints seek an award of prejudgment interest, and both seek "such other and further relief as the Court may deem just and proper." See A9 (SDNY Complaint Prayer for Relief ¶¶ D-E); compare Complaint Demand for Judgment ¶ 9, 14. Thus, Plaintiffs' requests for relief are virtually identical in these respects.

Section 1500, however, does not require that the requests for relief be identical. Instead, as discussed in the government's Motion, the standard is much more broad. In Harbuck, the Federal Circuit noted that both complaints sought "money damages." Harbuck, 378 F.3d at 1329. On this basis alone, the court held that "[n]o more is required to trigger the second bar under [Section] 1500." Id. Similarly, in Hill, the Claims Court ruled that the sought relief was the same for the

purposes of Section 1500 because both complaints sought monetary relief. See Hill, 8 Cl. Ct. at 387. The Federal Circuit's logic in the Harbuck case applies equally to the present case, given that Plaintiffs have requested copyright damages, trademark damages, and injunctive relief in both courts. Accordingly, the requested relief is identical for the purposes of Section 1500.

## III. Stephen Kinyon Directly Acted Under the Authority of the Smithsonian

Because Stephen Kinyon acted under the authority of the United States, Section 1500 bars the present suit against the government even though Mr. Kinyon is the named defendant for both causes of action in the previous complaint. See 28 U.S.C. § 1500 (barring jurisdiction where the pending claim is against "any person who . . . was . . . acting or professing to act, directly or indirectly under the authority of the United States"); see also Corona Coal Co. v. United States, 263 U.S. 537, 540 (1924); Hill, 8 Cl. Ct. at 388. Plaintiffs cannot contradict this fact; as noted in the initial Motion, Plaintiffs represented that Mr. Kinyon acted under the authority of the Smithsonian in both of their complaints. See Motion at 4-5; A5-6 (SDNY Complaint ¶¶ 21, 25, 26); Complaint ¶¶ 22, 25, 26. Instead, Plaintiffs argue, without support, that "the proper court to decide [Mr. Kinyon's status] is in the Southern District of New York." Response at 6. Plaintiffs' argument is untenable where they bear the burden of establishing jurisdiction, and where Mr. Kinyon's status is clearly identified in the plain language of the Complaint filed in this Court. Accordingly, this Court does not have subject matter jurisdiction over Plaintiffs' Complaint.

**CONCLUSION**

For the above reasons, the government respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:
LAURYN GUTTENPLAN
Smithsonian Institution

September 1, 2006