**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BERNARD d'ABRERA and<br>HILL HOUSE PUBLISHERS PTY LTD.,<br><br>Plaintiffs<br><br>v.<br><br>THE UNITED STATES<br>(SMITHSONIAN INSTITUTION),<br><br>Defendant. | ) | No. 06-427 C<br>Judge Charles F. Lettow |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING THE EFFECTS OF TRANSFER OF THE CASE FROM THE SOUTHERN DISTRICT OF NEW YORK**

Plaintiffs hereby submit pursuant to the Court's December 5, 2006 order, supplemental briefing on the effects of dismissal of the case in the Southern District of New York. On November 8, 2006, the Court in the Southern District of New York ordered that "Plaintiffs' copyright claim against the Smithsonian and Stephen Kinyon" be transferred to the Federal Court of Claims.[1] (Exhibit A, ¶4).

The Smithsonian argues that it should be dismissed from this case because Stephen Kinyon (co-defendant in the S.D.N.Y. case) is at fault. However, 28 U.S.C. §1498(b) provides that "Hereafter, whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims. . . ." (Emphasis added.) The Smithsonian

[1] Plaintiffs did not actually file a copyright infringement claim against the Smithsonian in the Southern District of New York, only against Stephen Kinyon. The Lanham Act claims, which were dismissed, were directed toward both the Smithsonian and Stephen Kinyon.

admitted in the stipulated voluntary dismissal of the Southern District of New York. case that "Kinyon was acting with the authorization and consent of the Smithsonian." (Exhibit A, ¶3).

The D.C. Court of Appeals, in the context of construing § 1498(b), has held that the "government waiver of immunity by authorization and consent requires explicit acts or extrinsic evidence sufficient to prove the government's intention to accept liability for a specific act of infringement." Auerbach v. Sverdrup Corp., 829 F.2d 175, 177 (D.C. Cir. 1987); see also Herbert v. National Academy of Sciences, 974 F.2d 192, 200 (D.C. Cir. 1992) (finding evidence of authorization pursuant to §1498). Here, the Smithsonian's admission, which is phrased in the exact terminology required by §1498(b) ("acting with the authorization and consent"), constitutes its intention to accept liability for Mr. Kinyon's actions, and thus, for the resulting infringement action to be a claim against the United States (Smithsonian) in this Court. E.g. O'Rourke v. Smithsonian Inst. Press, 399 F.3d 113, 122-123 (2d Cir. 2005) (finding that the Smithsonian is a government entity for purposes of §1498). To the extent that the Smithsonian argues that its admission is inadequate to support a finding of consent and authorization, such an issue is better solved in the context of summary judgment motions, after the parties have engaged in discovery (i.e., including but not limited to any contract between Mr. Kinyon and the Smithsonian)..

Regarding Mr. Kinyon, Section 1498(b) is clear that because Mr. Kinyon was acting with the consent and authorization of the Smithsonian, that Plaintiffs' proper action is against the Smithsonian, and in such case, Mr. Kinyon need not be added to the lawsuit. However, if the Smithsonian intends to argue that Mr. Kinyon did not have its consent and authorization, Plaintiffs contend that they should be allowed to file an amended complaint adding Mr. Kinyon as co-defendant until the issue can be fully briefed and decided by the Court.

**CONCLUSION**

Therefore, Plaintiffs respectfully request this Court to deny the Smithsonian's request to be dismissed from this lawsuit, since pursuant to 28 U.S.C. §1498(b) the Smithsonian is the proper defendant. Because the Smithsonian was not a party to the copyright claim in the S.D.N.Y. case, the current case should not be dismissed in lieu of the S.D.N.Y. case. Plaintiffs also request leave to amend their Complaint to add Stephen Kinyon as co-Defendant, in the event that the Smithsonian argues, contrary to its prior admission, that Mr. Kinyon was not acting with the consent and authorization of the Smithsonian. Otherwise, Plaintiffs seek any relief which the Court deems proper.

Respectfully submitted,

Dated: December 11, 2006

s/Sally Wiggins______________________
Sally Wiggins
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
***Attorneys for Plaintiff***

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on December 11, 2006, I electronically filed the foregoing **PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING THE EFFECTS OF TRANSFER OF THE CASE FROM THE SOUTHERN DISTRICT OF NEW YORK** with the Clerk of Court using the ECF system which satisfies the service requirements of RCFC 5 and RCFC 5.1. and will be sent electronically through this system to the below listed parties. See General Order 42A.

Peter D. Keisler, Assistant Attorney General
John J. Fargo, Director
Scott Bolden, Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

s/Sally Wiggins____________________
Sally Wiggins
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
***Attorneys for Plaintiff***