IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BERNARD d'ABRERA and<br>HILL HOUSE PUBLISHERS PTY LTD., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-427 C |
| THE UNITED STATES, | ) | Judge Charles F. Lettow |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING**
**PLAINTIFFS' PENDING CLAIM IN THE SOUTHERN DISTRICT OF NEW YORK**

Pursuant to the Court's December 5, 2006 Scheduling Order, and in response to Plaintiffs' December 11, 2006 Supplemental Brief, defendant, the United States ("the government"), hereby submits its Supplemental Brief Regarding Plaintiffs' Pending Claim in the Southern District of New York.

The parties do not dispute the current status of d'Abrera v. Smithsonian, No. 06-3550 (S.D.N.Y.) (hereinafter "the district court case"). The government agrees that the document attached as Exhibit A to Plaintiffs' Supplemental Brief is a true and correct facsimile copy of the Stipulation and Order of Transfer and Dismissal in the district court case. On November 8, 2006, the parties stipulated, and Judge O'Conner ordered, that:

1. Plaintiffs' Lanham Act claim was dismissed with prejudice;
2. The district court lacked subject matter jurisdiction with respect to Plaintiffs' copyright claims;
3. Stephen Kinyon acted with the authorization and consent of the Smithsonian; and
4. Plaintiffs' copyright claim was transferred to this Court pursuant to Section 1631 of Title 28.

Exhibit A to Plaintiff's Supplemental Brief. No causes of action remained in the district court case, and the case was closed.

With respect to the present case in this Court, the case should be dismissed for lack of subject matter jurisdiction pursuant to Section 1500 of Title 28. Subsequently, when this Court receives the transferred district court copyright claim, the Court should allow Plaintiffs to pursue their claims under a new case number, with the benefit of the filing date of the district court case. The parties and the Court discussed these issues at length in the briefs related to the Motion to Dismiss and during the hearing on the Motion on October 19, 2006. See Tr. at 25-27.

Contrary to Plaintiffs' implications, the government has consistently argued that Stephen Kinyon acted with the authorization and consent of the Smithsonian. During the hearing on the Motion, counsel for the government stated that Mr. Kinyon was an agent of the government for purposes of Section 1500 and that the government had authorized and consented to his actions:

> MR. BOLDEN: That's correct, Your Honor. I mean, essentially what we're arguing is that Mr. Kinyon was acting under the authorization of the United States with respect to Section 1500, and in fact we have undertaken representation for him in the New York case as well simply because he was a volunteer lepidopterist, which is a butterfly scientist, and he was acting at the direction of the Smithsonian.
> . . . .
> MR. BOLDEN: . . . . Our argument is that for both the purposes of Section 1500 and for Section 1498 Mr. Kinyon is an agent of the United States Government.

Tr. at 7 (emphasis added); see also Motion to Dismiss at 4-5; Reply in Support of Motion at 7. Prior to the Motion to Dismiss, the government conducted an internal investigation to determine whether the government could represent Mr. Kinyon in the district court action. The government concluded that representation was proper and in the interest of the United States because Mr. Kinyon acted within the scope of his volunteer appointment with the Smithsonian. The government argued and will continue to maintain that Mr. Kinyon's actions were authorized and consented to by the

government for the purposes of Section 1498, and that Mr. Kinyon acted under the authority of the government for the purposes of Section 1500.

In light of the above, Plaintiffs' allegations regarding the government's authorization and consent arguments are unfounded and incorrect. See Plaintiffs' Brief at 1-3. Accordingly, Plaintiffs' request for leave to amend their Complaint to add Mr. Kinyon as a co-Defendant is moot. Furthermore, Plaintiffs' request to add Mr. Kinyon as a co-Defendant is futile in the absence jurisdiction over him and in the absence of joinder in this Court. See Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (citing United States v. Sherwood, 312 U.S. 584, 588 (1941)).

Finally, as noted above and as previously argued, the present case should be dismissed for lack of subject matter jurisdiction pursuant to Section 1500. Despite Plaintiffs' comment that the current case should not be dismissed "[b]ecause the Smithsonian was not a party to the copyright claim in the S.D.N.Y. case," both parties agree that Mr. Kinyon acted with the authorization and consent of the government. Plaintiffs' Brief at 3; see Plaintiffs' Brief at 2. Thus, Section 1500 bars jurisdiction of the present case because Mr. Kinyon acted "under the authority of the United States," and because Plaintiffs' claims were already pending in the district court. 28 U.S.C. § 1500.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:
LAURYN GUTTENPLAN
Smithsonian Institution

December 15, 2006