IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BERNARD d'ABRERA and HILL HOUSE PUBLISHERS PTY LTD., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-427 C |
| THE UNITED STATES, | ) | Judge Charles F. Lettow |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the Court of Federal Claims ("RCFC"), the parties file the following Joint Preliminary Status Report:

Counsel held an early meeting of counsel on June 4, 2007 during which the following topics were discussed, and the parties arrived at the following positions on those topics:

**I. RCFC APPENDIX A ¶ 4 DISCLOSURES**

***(a) Does the court have jurisdiction over the action?***

Plaintiff contends that the Court has jurisdiction and now that the New York Litigation has been consolidated with the case pending before this Court the defendant's motion to dismiss should be denied and the case prepared for trial.

Defendant contends that the action should be dismissed for lack of subject matter jurisdiction, pursuant to Section 1500 of Title 28. The government previously moved to dismiss on this basis, and on March 29, 2007, the Court denied the government's Motion without prejudice to renewal. This issue is identified as a "relevant issue" in subsection (h)(2) below. In addition,

Defendant contends that Section 1498(c) of Title 28 may operate to bar some or all of Plaintiffs' claim. This issue is identified as a "relevant issue" in subsection (h)(3) below.

Other than the two issues described above, the parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1498(b).

***(b) Should the case be consolidated with any other case and, if so, why?***

No. None of the parties knows of any other case that should be consolidated with the present case.

***(c) Should trial of liability and damages be bifurcated and, if so, why?***

No. None of the parties requests bifurcation.

***(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?***

No. Further proceedings in this case should not be deferred pending consideration of any other case. None of the parties knows of any basis for transferring or remanding this case to another tribunal.

***(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?***

No. There is no basis upon which a remand could be requested. At present the parties do not foresee any reason for seeking a suspension of this matter.

***(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.***

No. Defendant contends that it is not aware of any parties that need to be joined. Plaintiffs contend that, at this time, without the benefit of any discovery, they are not aware of any parties that need to be joined.

***(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, what is the schedule for the intended filing?***

The government previously filed a motion pursuant to RCFC 12(b)(1). The Court denied the government's Motion without prejudice to renewal. Other than the possible renewal of the previous motion by the government, none of the parties contemplates the filing of any other motion pursuant to RCFC 12(b) or 12(c). The parties are still considering whether a motion pursuant to RCFC 56 is appropriate. None of the parties has currently decided to file such a Rule 56 motion, but as discovery progresses, each party will continue to determine whether there are any issues for which no genuine issue of material fact exists, and which are therefore amenable to a motion for summary judgment. Should such an issue emerge, the parties will promptly notify the court.

***(h) What are the relevant factual and legal issues?***

The parties believe that the relevant issues include:

**1. Did Defendant infringe Plaintiffs' copyrights?**

Plaintiffs contend that Defendant directly and willfully infringed Plaintiffs' copyrights under Sections 106 and 501. Plaintiffs contend defendant vicariously and willfully infringed plaintiff's copyrights under Sections 106 and 501.

Defendant responds that it has not waived sovereign immunity with respect to vicarious or contributory copyright infringement. See Boyle v. United States, 44 Fed. Cl. 60, 63 (1999), aff'd 200 F.3d 1369 (Fed. Cir. 2000). Furthermore, enhanced damages based on allegations of willful conduct are not available against the government under Section 1498. See Leesona v. United States, 599 F.2d 958 (Ct. Cl. 1979).

**2. Are Plaintiffs' claims barred by Section 1500 of Title 28?**

This issue was fully briefed and argued in the context of the government's Motion to Dismiss for Lack of Jurisdiction; the subsequent Response and Reply; the hearing on the Motion; and the supplemental briefing. On March 29, 2007, the Court denied the government's Motion without prejudice to renewal.

**3. To what extent are Plaintiffs' claims barred by Section 1498(c) of Title 28?**

Defendant contends that Section 1498(c) of Title 28 bars Plaintiffs' claims. Section 1498(c) bars patent and copyright claims that arise in a foreign country. See 28 U.S.C. § 1498(c) ("The provisions of this section shall not apply to any claim arising in a foreign country."). Many of the operative facts giving rise to the claim are alleged to have occurred in Myanmar. See Complaint ¶¶ 21-33.

Plaintiffs respond that this issue can be more fully briefed at the appropriate time, but for purposes of addressing the issue here, defendant's argument is a red herring. Even if part of an infringing "act" occurs within the U.S., then even though the act is completed in a foreign jurisdiction, those parties who contributed to the act within the United States may be rendered liable under the predicate act theory, however, there must be a chain of activity. An unauthorized manufacture of infringing goods within the United States for subsequent sale abroad may give rise

to a cause of action under the Copyright Act, even where the actual sale and distribution of infringing goods occurs outside of the United States.

**4. Was Defendant's alleged infringing use a fair use?**

Defendant contends that the alleged use of Plaintiffs' butterfly photographs was for the purposes of teaching, scholarship, and research. Pursuant to Section 107 of Title 17, the use of copyrighted works for these purposes is fair and noninfringing, upon the consideration of at least four factors:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. Defendant contends that a consideration of the four factors supports a finding of fair use.

Plaintiffs respond that defendant used multiple photographs in an unreasonable manner without Plaintiffs' consent, copied each photograph in its entirety, and that defendants gained value by use of the photographs in the manuals. Plaintiff contends that a consideration of the four factors does not support a finding of fair use.

**5. If Plaintiffs are entitled to compensation, what quantum of reasonable and entire compensation is appropriate?**

Plaintiffs contend that they are entitled to damages for copyright infringement pursuant to 17 U.S.C. § 504(b) or 17 U.S.C. § 504(c), an injunction, reasonable attorneys' fees, including costs and expert fees, and pre- and post-judgment interest.

Defendant denies that Plaintiffs are entitled to any actual damages, profits, or other compensation, or an injunction or any further relief, or that Plaintiffs are entitled to any costs including any attorney's fees. Furthermore, as identified in Paragraph 3 of the Defenses in the Answer, Plaintiffs are barred from recovering damages for copyright infringement committed more than three years, plus the amount of time between the receipt of the administrative claim and the mailing of the denial, prior to the filing of the Complaint. See 28 U.S.C. § 1498(b).

***(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?***

The parties agree that alternative dispute resolution may be appropriate in this case. The parties will continue to discuss this matter, and will promptly notify the Court upon an agreement to pursue alternative dispute resolution.

***(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?***

Yes, the parties anticipate proceeding to trial. Plaintiffs contend that discovery in this case will be relatively straight forward and that it could be ready for a Fall of 2007 trial. Defendant contends that the parties will not be ready for trial before the spring of 2008. None of the parties requests expedited trial scheduling.

***(k) Are there special issues regarding electronic case management needs?***

No.

***(l) Is there other information of which the court should be aware at this time?***

Defendant has proposed an extended period for fact discovery in this case, in order to accommodate an expected birth in Mr. Bolden's family at the end of June 2007. Plaintiff agrees to accommodate Mr. Bolden’s family schedule, but has proposed a more expedited schedule. The parties have jointly proposed a scheduling plan in the following section.

Plaintiffs note that Plaintiff Bernard d'Abrera may be unable to travel to the United States because of his health. The parties will coordinate their discovery with this issue in mind.

## II. JOINT PROPOSED SCHEDULING PLAN

***(a) Proposed deadline(s) for fact discovery***

The parties propose that fact discovery be completed by December 14, 2007.

***(b) Proposed deadline(s) for expert discovery***

The parties propose that both parties disclose their respective expert witnesses and furnish a report from each testifying expert witness conforming to the requirements of RCFC 26(a)(2) by January 11, 2008. Each party may then respond by filing a responsive report by February 1, 2008. The parties will then make their respective expert witnesses available for deposition within the next 28 days following the last response report. The parties propose that all expert discovery be completed by February 29, 2008.

***(c) Proposed trial date***

The parties propose that this case would be ready for trial for March 2008.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:
LAURYN GUTTENPLAN
Smithsonian Institution

June 6, 2007

Respectfully submitted,

Dated: June 6, 2007

Sally Wiggins
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137

Attorneys for Plaintiff