**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BERNARD d'ABRERA and<br>HILL HOUSE PUBLISHERS PTY LTD.<br><br>Plaintiffs<br><br>v.<br><br>THE UNITED STATES<br>(SMITHSONIAN INSTITUTION)<br><br>Defendant | ) | No. 06-427 C<br>Judge Charles F. Lettow |

**PLAINTIFFS' BRIEF TO (1) CONSOLIDATE THIS CASE WITH CASE NO. 06 CIV. 3550 IN THE SOUTHERN DISTRICT OF NEW YORK; AND (2) OPPOSE DISMISSAL PURSUANT TO 28 U.S.C. § 1500**

Pursuant to the Court's June 13, 2007 Order, Plaintiffs Bernard d'Abrera and Hill House Publishers Pty Ltd. ("Plaintiffs") hereby submits briefing that (1) the copyright claims against Stephen Kinyon and the Smithsonian should be consolidated, and (2) this case should not be dismissed pursuant to 28 U.S.C. § 1500 because § 1500 is precluded when all claims are transferred pursuant to 28 U.S.C. § 1631, and/or because the two cases did not arises out of the same operative facts.

## I. BACKGROUND

Plaintiff Bernard d'Abrera has devoted over forty years of his life to studying and photographing Lepidoptera. (See Exhibit A, Ct. Fed. Claims Complaint, ¶¶ 8-13). Through the years, Mr. d'Abrera, through Plaintiff Hill House Publishers, has published numerous books depicting lepidoptera that Mr. d'Abrera has photographed throughout the world. (Id. at ¶¶ 13-16). Upon information and belief, Stephen Kinyon, a resident of New York, worked on a project for the Smithsonian Institution, in which *An Illustrated Checklist for the Butterflies of Myanmar* was published by the Smithsonian. (Id. at ¶¶ 21, 22, 25, 26). Upon information and

belief, Mr. Kinyon and others "filled in the gaps with images copied from several published works." (Id. at ¶ 23). The published works from which Mr. Kinyon and others copied such images included Mr. d'Abrera's copyrighted works, in which Mr. Kinyon copied more than 1,275 of Mr. d'Abrera's butterfly pictures. (Id. at ¶ 23, 24). The cover of *An Illustrated Checklist for the Butterflies of Myanmar* states that it is "Sponsored by: Smithsonian Institution" and "Compiled by: Stephen Kinyon." (Id. at ¶ 26).

On May 10, 2006, Plaintiffs filed a Complaint in the Southern District of New York against two defendants – Stephen Kinyon, and the Smithsonian Institution. (See Exhibit B, S.D.N.Y. Complaint). Against Mr. Kinyon as an individual, Plaintiffs alleged direct copyright infringement under the Copyright Act pursuant to 17 U.S.C. §§ 106 and 501 (Count I) and false designation of origin under the Lanham Act (Count II). Against the Smithsonian Institution, Plaintiffs only alleged a claim for false designation of origin under the Lanham Act (Count II).

On May 26, 2006, Plaintiffs filed a Complaint in the Court of Federal Claims against the Smithsonian Institution pursuant to 28 U.S.C. § 1498, alleging direct copyright infringement (Count I) and vicarious copyright infringement (Count II) pursuant to the Copyright Act. (See Exhibit A).

On November 8, 2006, the Southern District of New York dismissed the Lanham Act claim against Stephen Kinyon and the Smithsonian with prejudice (Count II), found that it lacked subject matter jurisdiction over the Smithsonian on the copyright claims (even though Plaintiffs did not allege copyright claims against the Smithsonian in that District), found that Stephen Kinyon was acting with authorization and consent of the Smithsonian Institution, and ordered the copyright claim (Count I) transferred to this Court pursuant to 28 U.S.C. § 1631. (See Exhibit C). The transfer was effectuated on June 7, 2007. (See Exhibit D).

Thus, all that remains in the lawsuit are Copyright claims against Stephen Kinyon (Count I of the Southern District of New York lawsuit) and the Smithsonian Institution (Counts I and II of the Court of Federal Claims lawsuit). Both claims are now before this Court.

## II. THIS CASE SHOULD BE CONSOLIDATED WITH CASE NO. 06 CIV. 3550 IN THE SOUTHERN DISTRICT OF NEW YORK

At the time of filing the Southern District of New York Complaint, Plaintiffs were unaware of what relationship existed between Mr. Kinyon and the Smithsonian. Plaintiffs were in a conundrum. Pursuant to 28 U.S.C. § 1498, the Court of Federal Claims has exclusive jurisdiction over copyright claims against the U.S. government. E.g. O'Rourke v. Smithsonian Inst. Press, 399 F.3d 113, 122-123 (2d Cir. 2005). Therefore, Plaintiffs could only file a copyright infringement claim against the Government (the Smithsonian) in the Court of Federal Claims. Conversely, due to Mr. Kinyon's residency in New York, Plaintiffs could not establish personal jurisdiction and service over Kinyon in the Court of Federal Claims. Both parties were necessary for the action – the Smithsonian, due to its sponsorship of *An Illustrated Checklist for the Butterflies of Myanmar*, and Kinyon based on his personal acts in compiling *An Illustrated Checklist for the Butterflies of Myanmar*.

Plaintiffs had no way of knowing whether the Smithsonian considered Mr. Kinyon an agent, knowing whether Mr. Kinyon acted by direction of the Smithsonian, or knowing whether the Smithsonian would make Mr. Kinyon available for deposition if Plaintiffs filed solely in the Court of Federal Claims. Although Plaintiffs believed that Kinyon acted at the behest of the Smithsonian (e.g. Exhibit A, Ct. Fed. Claims Complaint ¶¶ 21, 23, 25 ("Upon information and belief")), because no discovery had occurred and Plaintiffs were not privy to any employment agreements between Kinyon and the Smithsonian, Plaintiffs had no way of solidifying that link However, since filing the Complaints, the Smithsonian has admitted that Mr. Kinyon acted as its

agent, and in its November 8, 2006 order, Court in the Southern District of New York found that Stephen Kinyon acted with the authorization and consent of the Smithsonian Institution.

Because the Lanham Act claims were dismissed from the Southern District of New York case, all that remains in that case (and all that was transferred to this Court) is a Copyright Act claim against Stephen Kinyon. No action is pending against Kinyon or the Smithsonian in the Southern District of New York. Therefore, the pending cases before this Court are solely copyright allegations against Stephen Kinyon and the Smithsonian. Based on the Smithsonian's admissions and the Southern District of New York's order, the cases should be consolidated, or in the alternative, Stephen Kinyon dismissed as a party, leaving only the Smithsonian as defendant.

## III. THIS CASE SHOULD NOT BE DISMISSED PURSUANT TO § 1500

### A. Section § 1500 Is Not Implicated Because All Claims Were Transferred Pursuant to 28 U.S.C. § 1631

On June 7, 2007, the Southern District of New York transferred Count I (the Copyright claim) of Plaintiffs' Complaint to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. (Exhibits C and D). Prior to that, on November 8, 2006, and pursuant to the parties' stipulation, Count II (the Lanham Act claim) was dismissed with prejudice. (Exhibit C). There is currently no pending action between the parties in the Southern District of New York.

Section 1631 was designed to remedy the situation in which a litigant has mistakenly filed an action in a court that lacks jurisdiction. United States v. County of Cook, Illinois, 170 F.3d 1084, 1089 (Fed. Cir. 1999):

> In Congress's words: Because of the complexity of the Federal court system and of special jurisdictional provisions, a civil case may on occasion be mistakenly filed in a court--either trial or appellate--that does not have jurisdiction. By the time the error is discovered, the statute of limitations or a filing period may have expired. Moreover, additional expense is occasioned by having to file the case

> anew in the proper court. S. Rep. No. 97-275, at 30 (1981). Because suits against the United States may be brought in the district courts in some circumstances and in the Court of Federal Claims in other circumstances, it is likely that some litigants will mistakenly file some claims in a court that lacks jurisdiction. Section 1631 was clearly intended by Congress to remedy this problem through the simple mechanism of a transfer to the court of proper jurisdiction.

Id. 28 U.S.C. § 1631 provides that if a

> court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it has been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Therefore, Count I of the Southern District of New York Complaint (Plaintiffs' direct copyright claim against Kinyon) is considered filed simultaneously with Counts I and II of the Court of Federal Claims Complaint (Plaintiffs' direct and vicarious copyright claims against the Smithsonian). See e.g. County of Cook, 170 F.3d at 1090. The Federal Circuit has held that the same claim filed simultaneously in the district court and the Court of Federal Claims via operation of § 1631 deprives the Court of Federal Claims of jurisdiction pursuant to 28 U.S.C. § 1500. Id. at 1091. However, there are two situations where § 1500 is not implicated – the first is where all claims are transferred to the Court of Federal Claims, as happened here. See Id. at 1091 n. 8.

28 U.S.C. § 1500 states:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

The Federal Circuit has stated that "It is worth noting that § 1500 is not implicated when all of the claims in an action are transferred to the Court of Federal Claims pursuant to § 1631." County of Cook, 170 F.3d at 1091 n. 8 (emphasis added). The Federal Circuit went on to say:

> Section 1631 mandates that the transferred claims be treated as if they were filed in the transferee court at the time they were filed in the transferor court. Therefore, when all claims in an action are transferred, no claims are pending in the district court that could preclude jurisdiction over the transferred claims in the Court of Federal Claims pursuant to § 1500.

Id. (emphasis added).

Plaintiff submits that because there is no action pending in the Southern District of New York that all claims in the action were transferred. Compare with County of Cook, 170 F.3d at 1087 (where two claims remained pending in the district court). Plaintiff has been unable to find a case where this principle has been applied, yet has found two cases where it has been cited with approval. See Schrader v. United States, 75 Fed. Cl. 242, 247 (Fed. Cl. 2007) (Title VII claims remained pending in the district court); Vaizburd v. United States, 46 Fed. Cl. 309, 310 (Fed. Cl. 2000) (tort claims remained pending in the district court, and were dismissed nearly one month after transfer). Further, the Lanham Act claims were dismissed with prejudice prior to the transfer of the Copyright claims to this Court. Therefore, because all of the claims in an action were transferred to the Court of Federal Claims pursuant to § 1631, and there are no pending claims in the Southern District of New York, § 1500 does not apply, and this Court retains jurisdiction.

### B. The Claims, Facts, and Relief Sought in the Copyright Claims and Lanham Act Claims Are Not Identical, So § 1500 Is Not Implicated

Although Plaintiffs assert that the argument above in Section III.A. warrants finding § 1500 inapplicable, for the sake of completeness, Plaintiffs will also address the second situation

where § 1500 is not implicated. This occurs "when claims based on differing operative facts or seeking different remedies are filed in the district court and a transfer is made of claims properly belonging in the Court of Federal Claims." County of Cook, 170 F.3d at 1091 n. 8. In other words, "[f]or the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." Loveladies Harbor, Inc. v. U.S., 27 F.3d 1545, 1551 (Fed. Cir. 1994) (emphasis in original). Therefore, here the two claims at issue are the Lanham Act claims (which are now dismissed) and Copyright claims. The term "claim" as used in § 1500 has been construed to encompass actions which have the same operative facts and request the same substantive relief. Hill v. United States, 8 Cl. Ct. 382, 386 (Cl. Ct. 1985).

**1. The Copyright and False Designation of Origin Claims Do Not Have the Same Operative Facts**

Plaintiffs have been unable to find a case holding that copyright infringement claims and false designation of origin claims have the same operative facts and relief under 28 U.S.C. § 1500. However, an analogous analysis arises in preemption allegations related to the Copyright Act and Lanham Act. There, Courts have addressed whether claims brought under the Copyright Act and the Lanham Act "overlap," or are in fact the same claim. See Butler v. Target Corp., 323 F. Supp. 2d 1052, 1059 (C.D. Cal. 2004) ("[The § 43(a)] claim differs from a copyright claim as it refers to possible consumer confusion as to the plaintiffs' sponsorship or approval of the product."); Do It Best Corp. v. Passport Software, Inc., 2004 U.S. Dist. LEXIS 14174 at *61 (N.D. Ill. July 26, 2004) ("the fact that Copyright and Lanham Act claims are predicated on the same wrongful act is not fatal…"). The Copyright Act does not preempt the Lanham Act, or vice versa, and therefore a party may recover under both statutes. Alameda Films SA de CV v. Authors Rights Restoration Corp., 331 F.3d 472, 482-483 (5th Cir. 2003).

In Dastar Corp. v. Twentieth Century Fox Film Corp., the Supreme Court made clear how copyright claims and false designation of origin claims differ: a false designation of origin claim is viable on its own if the plaintiff alleges that the defendant has repackaged the plaintiff's goods as its own. 539 U.S. 23, 28 (2003). In short, some affirmative step undertaken that defines the difference:

> Here, Defendant does not attribute the design of the anchor grocery store to Plaintiff, but represents it as solely the work of Defendant. Therefore, if the design is truly Plaintiff's, then Defendant has made a false designation of origin. This suffices for the "additional affirmative act whereby the defendants falsely claimed originality" which is necessary to prevent the Lanham Act claim from being a mere duplication of a copyright infringement claim.

Tiseo Architects, Inc. v. SSOE, Inc., 431 F. Supp. 2d 735, 742 (E.D. Mich. 2006). This delineation between Copyright and Lanham Act claims makes clear that separate wrongful acts or repercussions occur as the basis for copyright claims versus claims under the Lanham Act.

The operative facts guiding these wrongs also differ. For example, Plaintiffs' Lanham Act claim was essentially a claim of "reverse passing off," which occurs when someone markets a product as her own, even though someone else created the product. See Dastar, 539 U.S. at n.1 (2003); Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1116 (W.D. Wash. 2004). That is precisely what Defendant has done – taken Plaintiffs' butterfly photographs and repackaged them as its own in its book. The elements of a reverse passing off claim are: "(1) that the work at issue originated with the plaintiff; (2) that origin of the work was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin." Lipton v. The Nature Co., 71 F.3d 464, 472 (2d Cir. 1995).

In contrast, Plaintiffs' copyright infringement claim merely requires showing (1) ownership of a valid copyright and (2) unauthorized copying. Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003); Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Plaintiffs do not have to show or prove consumer confusion, false designation by defendants, or harm to it based on the false designation, as is required for a reverse passing off claim. Plaintiffs merely have to show that they own a valid copyright that the Defendant copied without permission. In fact, elements (2), (3), and (4) of the reverse passing off claim (i.e. operative facts necessary to prove a false designation claim) occur after any copying has occurred, and rest on the repackaging of plaintiffs' goods. The repackaging of plaintiffs' goods is irrelevant to the copyright claims.

To the extent that Defendant argues that the two Complaints are nearly identical, Plaintiffs submit that while they may have used similar facts in the Factual Background section of the Complaints to provide context, the causes of action themselves are vastly different and are based on different operative facts within that Factual Background section. Specific facts within that section may be more or less relevant to the varying causes of action.

### 2. The Copyright and Lanham Act Claims do not Request the Same Relief

The relief requested against the government was not the same in the two Courts. For the designation of origin claim in the Southern District of New York, Plaintiffs requested relief under the Lanham Act, 15 U.S.C. 1117(a). For the copyright infringement claims in the Court of Federal Claims, Plaintiffs requested relief under the Copyright Act, 17 U.S.C. 504(b). Damages arising from copyright violation do not necessarily overlap with damages from a violation under the Lanham Act. See Nintendo of America, Inc. v. Dragon Pacific International, 40 F.3d 1007, 1011 (9th Cir. 1994) (upheld an award of statutory damages under the Copyright Act and actual

damages under the Lanham Act, stating that the violation "may have been one act, but it was two wrongs," and that "it is clear enough that, when a defendant violates both the Copyright Act and the Lanham Act, an award of both types of damages is appropriate.")

Indeed, Plaintiffs' damages under the Lanham Act will rest on confusion between the two works, while Plaintiffs' damages under the Copyright Act will rest entirely on Defendant's copying.

## IV. CONCLUSION

Therefore, for the foregoing reasons, Plaintiffs respectfully request this Court to (1) consolidate the copyright claims against Stephen Kinyon and the Smithsonian in this Court, and (2) deny dismissal pursuant to 28 U.S.C. § 1500 because § 1500 is precluded when all claims are transferred pursuant to 28 U.S.C. § 1631, and/or because the two cases did not arises out of the same operative facts.

Respectfully submitted,

Dated: July 3, 2007

s/Sally Wiggins____________________
Sally Wiggins
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137

***Attorneys for Plaintiffs***

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on July 3, 2007, I electronically filed the foregoing **PLAINTIFFS' BRIEF TO (1) CONSOLIDATE THIS CASE WITH CASE NO. 06 CIV. 3550 IN THE SOUTHERN DISTRICT OF NEW YORK; AND (2) OPPOSE DISMISSAL PURSUANT TO 28 U.S.C. § 1500** with the Clerk of Court using the ECF system which satisfies the service requirements of RCFC 5 and RCFC 5.1. and will be sent electronically through this system to the below listed parties. See General Order 42A.

Peter D. Keisler, Assistant Attorney General
John J. Fargo, Director
Scott Bolden, Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

s/Sally Wiggins____________________
Sally Wiggins
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
***Attorneys for Plaintiff***