IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BERNARD d'ABRERA and<br>HILL HOUSE PUBLISHERS PTY LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>No. 06-427 C<br><br>Judge Charles F. Lettow |

**DEFENDANT'S BRIEF REGARDING CONSOLIDATION AND SECTION 1500**

Pursuant to the Court's June 13, 2007 Order, and in response to Plaintiffs' July 3, 2007 Brief, Defendant, the United States ("the government"), hereby submits its Brief Regarding Consolidation and Section 1500.

The essential facts are not in dispute. On May 26, 2006, Plaintiffs filed a Complaint against the government in this Court, pursuant to Section 1498(b) of Title 28. The case was captioned d'Abrera v. United States, and was assigned Court of Federal Claims No. 06-427 C ("the Claims Court case"). Prior to filing the present Complaint, Plaintiffs had filed a nearly identical complaint against the Smithsonian and its agent in the District Court for the Southern District of New York. On July 18, 2006, the government moved to dismiss the Claims Court case for lack of subject matter jurisdiction pursuant to Section 1500 of Title 28. The parties filed response and reply briefs, participated in a hearing on the matter, and stipulated to the transfer of the Southern District of New York case to this Court. The parties subsequently filed supplemental briefs on the effects of the transfer, and on March 29, 2007, the Court denied the government's motion to dismiss, without prejudice to renewal. On June 13, 2007, the Court filed an Order, indicating that the Southern District of New York case had been transferred to this

Court and was assigned Court of Federal Claims No. 07-365 C ("the Transferred case"). In its Order, the Court requested that the parties file briefs addressing two issues: (1) whether the Court should consolidate the Claims Court case and the Transferred case; and (2) whether the Claims Court case should be dismissed pursuant to 28 U.S.C. § 1500. For the reasons discussed below, the two cases should not be consolidated, the Claims Court case should be dismissed, and the Transferred case should be accorded the same filing date as in the district court.

## I. The Two Cases Should Not Be Consolidated

The Court should not consolidate the two cases because the Court does not have subject matter jurisdiction over the Claims Court case, pursuant to Section 1500. Consolidation is a procedural device, and it cannot cure the absence of subject matter jurisdiction.

In the Court of Federal Claims, consolidation of cases is permitted and governed by Rule 42 of the Rules of the Court of Federal Claims, which reads:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42. The Court's Rule is identical with Rule 42 in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 42(a).

Rule 42(a), by itself, is a procedural device – it does not affect any substantive rights. See Southern California Federal Savings & Loan Assoc. v. United States, 51 Fed. Cl. 676, 678 (2002) (describing Rule 42(a) as "a procedural device"); Hebert ex rel. Hebert v. Secretary of Health and Human Services, 66 Fed. Cl. 43, 44 (2005). The Supreme Court, when interpreting

the predecessor to Fed. R. Civ. P. 42(a), stated that consolidation was a tool of "convenience and economy in administration," but that it does not "merge the suits into a single cause" or "change the rights or the parties." See Johnson v. Manhattan R. Co., 289 U.S. 479, 496-97 (1933).

Significantly, a Rule 42(a) consolidation cannot cure a jurisdictional defect, or operate to make moot the absence of jurisdiction for one of the cases. In Southern California Federal Savings & Loan Association, the Court of Federal Claims held that:

> A consolidation order does not merge two cases into a single claim, nor does it change or expand the parties' rights. It does not expand this Court's jurisdiction, which is narrowly defined and statutorily prescribed by Congress. Our jurisdiction cannot be enlarged by rule.

Southern California Federal Savings & Loan Assoc., 51 Fed. Cl. at 678. Accordingly, the consolidation of the two present cases cannot, by itself, cure a jurisdictional defect in either case. As discussed in the Section below, the Claims Court case must be dismissed due to the absence of subject matter jurisdiction.

## II. The Claims Court Case Should Be Dismissed for Lack of Subject Matter Jurisdiction

As previously argued by the government in the context of its Motion to Dismiss, the Court should dismiss the Claims Court case for lack of subject matter jurisdiction, pursuant to Section 1500. Section 1500 of Title 28 states that this Court does not have jurisdiction over claims that are pending in "any other court":

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. To be precluded under Section 1500, the claim pending in another court must arise from: (1) the same operative facts, and (2) must seek the same relief. See Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1551 (Fed. Cir. 1994) (*en banc*); see also Williams v. United States, 71 Fed. Cl. 194, 199 (2006). In addition, the claim pending must be against the United States or "any person" acting under the authority of the government. 28 U.S.C. § 1500. The government discussed these issues at length in the Motion to Dismiss, the Reply, and during the hearing on the Motion. Thus, a short summary of the relevant points is merited, rather than simply repeating the arguments that have already been advanced several times.

First, the claim arose from the same operative facts. The factual allegations in the two Complaints are nearly word-for-word identical. "Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." Harbuck v. United States, 378 F.3d 1324, 1329 (Fed. Cir. 2004); compare Plaintiffs' Brief at 9 ("specific facts . . . may be more or less relevant to the varying causes of action").

Second, Plaintiffs request the same relief in both complaints. In both complaints, Plaintiffs request money damages and other identical types of relief. When both complaints seek "money damages," [n]o more is required to trigger the second bar under [Section] 1500." Harbuck, 378 F.3d at 1329.

Finally, Stephen Kinyon directly acted under the authority of the Smithsonian with respect to the allegations in the complaints. Plaintiffs represented that Mr. Kinyon acted under the authority of the Smithsonian in both of their complaints. See, e.g., Complaint ¶¶ 22, 25, 26; Plaintiffs' Brief at 3-4. Counsel for the government has consistently represented that Mr. Kinyon

acted under the authority of the Smithsonian in its pleadings and motions.

The Court's analysis of this factor should not be swayed by the fact that Mr. Kinyon worked as a volunteer lepidopterist for the Smithsonian, rather than as a formal employee. First, the text of Section 1500 is not limited to "employees." Instead, Section 1500 includes "any person" who acted or professed to act "directly or indirectly under the authority of the United States." 28 U.S.C. § 1500. The scope of the language is broad enough to encompass Mr. Kinyon's activities, which were supervised and approved by Smithsonian employees, and which were funded by the Smithsonian's funds. Second, the Second Restatement of Agency provides guidance as to whether a volunteer acts under the authorization of another:

> Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

Restatement (Second) Agency § 1. As indicated by a Comment to the Restatement, the "manifestation of consent" and "control" are determined by the particular facts:

> Agency is a legal concept which depends upon the existence of required factual elements: the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking. **The relation which the law calls agency does not depend upon the intent of the parties to create it, nor their belief that they have done so.** To constitute the relation, there must be an agreement, but not necessarily a contract, between the parties; **if the agreement results in the factual relation between them to which are attached the legal consequences of agency, an agency exists although the parties did not call it agency and did not intend the legal consequences of the relation to follow.**

Restatement (Second) Agency § 1, Comment b (emphasis added). Finally, Smithsonian volunteers have been considered to be employees in other contexts. See In re George Abraham v. Smithsonian, 36 ECAB 194 (1984) (the Department of Labor held that a Smithsonian volunteer was an employee for the purpose of the Federal Employees Compensation Act).

Plaintiffs rely primarily on County of Cook to argue that Section 1500 does not apply, but that case does not appear relevant to the issues at hand. See United States v. County of Cook, Illinois, 170 F.3d 1084 (Fed. Cir. 1999); Plaintiffs' Brief at 4-6. As indicated by the decision, the only issue before the Federal Circuit was "the propriety of the district court's transfer order." Id. at 1087. That issue does not exist in this case, where no question has been raised as to the propriety of the transfer, and where every party stipulated to the transfer of the copyright claim from the district court to this Court. See Plaintiffs' Brief Exhibit C. In addition, the pertinent facts in County of Cook are markedly different, and the case has nothing to do with respect to the issue of consolidation. To the extent the case discusses Section 1500, the case cites the same principles identified in Loveladies, Keene, and Harbuck.

Thus, the Claims Court case should be dismissed because of the absence of subject matter jurisdiction. The Transferred case, however, is not subject to the same jurisdictional defect as the Claims Court case. Pursuant to Section 1631 of Title 28, the Transferred case "shall proceed as if it had been filed in . . . the [Court of Federal Claims] . . . on the date upon which it was actually filed in the [district] court." 28 U.S.C. § 1631.

## CONCLUSION

For the foregoing reasons, the two cases should not be consolidated, and the Claims Court case should be dismissed for lack of subject matter jurisdiction. Pursuant to the operation of Section 1631, the Transferred case should be accorded the same filing date as in the district court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

OF COUNSEL:
LAURYN GUTTENPLAN
Smithsonian Institution

July 18, 2007